Jaime CARDENAS–GARCIA; Jahan
Rasty, Plaintiffs–Appellants,

v.

TEXAS TECH UNIVERSITY; Thomas
Burton, individually and in his offi-
cial capacity as Chair of the Mechani-
cal Engineering Department at Texas
Tech University; and William Marcy,
individually and in his official capaci-
ty as Associate Dean and later Dean
of the College of Engineering at Tex-
as Tech University, Defendants–Appel-
lees.

No. 04–10224.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2004.

Tisha Lynn Dodge, Levi Glenn McCath-
ern, II, McCathern, Mooty, Buffington,
Dallas, TX, for Plaintiff–Appellant.

John Mack Grey, Office of the Attorney
General for the State of Texas, Austin, TX,
for Defendant–Appellee.

Before REAVLEY, DAVIS, and
WIENER, Circuit Judges.

PER CURIAM: *

Appellants Jaime Cardenas–Garcia
(Cardenas–Garcia) and Jahan Rasty
(Rasty) sue their former employer, Texas
Tech University (TTU) and their former
supervisors, Thomas Burton (Burton) and
William Marcy (Marcy), both in their indi-
vidual and official capacities, under Title
VII and 42 U.S.C. § § 1981 and 1983 for
employment discrimination based on na-
tional origin and retaliation. The district
court dismissed both plaintiffs's claims
against all defendants. We affirm for the
following reasons.

In plaintiffs' actions against TTU under
Title VII and against Burton and Marcy
under § 1981, plaintiffs failed to produce
summary judgment evidence from which
a factfinder could infer that either plain-

---

* Pursuant to 5TH CIR. R. 47.5, the Court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

tiff suffered an adverse employment action at the hands of any defendant. Proof of an adverse employment action is a requisite element of the plaintiffs' prima facie cases of discrimination and retaliation under both Title VII and § 1981.[2] Plaintiffs allege that poor performance reviews and disciplinary investigations constitute adverse employment actions. Under our jurisprudence, an adverse employment action means an ultimate employment decision, such as hiring, granting leave, discharging, promoting and compensating. *See Foley v. University of Houston System*, 355 F.3d 333, 340 (5th Cir.2003). Performance reviews and investigations, therefore, do not qualify as ultimate employment actions.

Plaintiffs, do, however, also argue that they both received proportionately lesser pay increases than did other, Anglo professors on the faculty. While this court has held that a complete *denial* of a pay increase may qualify as an ultimate employment decision, we have never held that a proportionately lesser pay increase, where an increase was received every year, could fulfill the requirement. *See Fierros v. Texas Department of Health*, 274 F.3d 187, 193 (5th Cir.2001).

For the above reasons, we AFFIRM the district court's grant of summary judgment in favor of all defendants.

---

**2.** *See* Order of the District Court, R. 01643 (laying out the prima facie case for national origin discrimination/disparate treatment under Title VII), R. 01645 (detailing the prima facie case for retaliation under Title VII), and *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir.2000)(Stating that both § 1981 and Title VII are analyzed under the Title VII evidentiary framework).